IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANCIS KEISTER,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 3:20-cv-00862<br>) Judge Richardson / Frensley |
| AMAZON.COM, INC. and<br>AMAZON DHAI,<br>　　Defendant. | )<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 22. Defendant has contemporaneously filed a supporting Memorandum of Law arguing that Plaintiff has failed to state a claim upon which relief can be granted because he has failed to allege the requisite elements of negligence and negligent hiring, and because Plaintiff's claims are barred by the exclusive remedy provision of the Tennessee Worker's Compensation Act. Docket No. 23.

Plaintiff has filed a Response and supporting Memorandum, which consist largely of additional averments that are unrelated to Plaintiff's grounds for the instant action. Docket Nos. 24, 25.

Defendant has filed a Reply, arguing that Plaintiff's new allegations do not relate to, establish, or support the required elements of his negligence or negligent hiring claim and are therefore outside the pleadings for purposes of a Rule 12(b)(6) Motion. Docket No. 26. Defendant further replies that "Plaintiff's attempt to introduce new allegations outside the pleadings in response to Defendant's Motion does not affect the fact that his claims are still barred by the exclusivity rule of the Tennessee Worker's Compensation Act." *Id.*

Plaintiff has filed a Sur-Reply, arguing that an injured party can bring both a Worker's Compensation claim and file a civil suit and reiterating his contention that Defendant's Motion should be denied. Docket No. 30.

Plaintiff, *pro se*, filed this action "for third party negligence personal injury sustained on October 6, 2019 . . . while employed at Amazon." Docket Nos. 1, 7. Specifically, Plaintiff avers that he was physically assaulted by a co-worker while on the job. *Id.*[1] Plaintiff alleges that the co-worker who assaulted him had a criminal record. *Id.* Plaintiff avers that, as a result of the assault, he suffered a broken nose, head injury, concussion, and orbital fracture. *Id.* Plaintiff seeks $150,000.00 in damages "for medical bills, pain and suffering, emotional distress, future medical bills, actual and punitive damages, disfigurement, lost [*sic*] of income, future lost [*sic*] of income." *Id.*

In order for Plaintiff to plead a *prima facie* claim of negligence, Plaintiff must allege: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct below the appliable standard of care that amounts to breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate cause. *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018). Plaintiff alleges only that he was assaulted by a co-worker while on the job, that he sustained injuries as a result of that assault, and that the co-worker had a criminal record. Docket Nos. 1, 7. Plaintiff, in his pleadings, has not alleged to what standard of care Defendant should be held, how Defendant's conduct failed to meet that standard of care, or how Defendant's alleged negligence could be the proximate cause of Plaintiff's injuries. Because Plaintiff's pleadings are silent with regard to requisite elements, Plaintiff has failed to state a claim for negligence, such that Defendant's Motion

---

[1] In his Response, Plaintiff additionally avers that he was assigned to work with the assaulting co-worker rather than his regular work assignment, and that the co-worker had premeditated the plan to assault him. Docket No. 25.

should be granted.[2]

To plead a *prima facie* claim of negligent hiring, Plaintiff must allege the elements of a negligence claim (set forth above) and additionally allege that "the employer had knowledge of the employee's unfitness for the job." *Brown v. Mapco Exp., Inc.,* 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012), *quoting Doe v. Catholic Bishop for Diocese of Memphis,* 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008). Plaintiff does not allege that Defendant was aware of his co-worker's alleged criminal record; that Defendant could foresee the probability that an employee would physically

---

[2] Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

3

attack another employee without knowledge of a criminal record, or based on an unidentified criminal history alone; or that the co-worker was unfit for the job. Because Plaintiff's pleadings are likewise silent with regard to requisite elements, Plaintiff has failed to state a claim for negligent hiring, such that Defendant's Motion should be granted.

Moreover, hiring a person with a criminal record, without more, neither establishes that the person is unfit for the job nor constitutes a deviation from the "reasonable person standard of care" or cause "unreasonable risks of harm." *See, e.g., Herndon v. Torres*, 791 F. App'x 547, 554-55 (6th Cir. 2019). Instead, there must be evidence of unfitness for the specific job, evidence that the person would likely repeat the same criminal behavior, and evidence that the person would pose an unreasonable risk to others; if the injury which occurred could not have been reasonably foreseen, the duty of care does not arise and there is no negligence and no liability. *Id.* Accordingly, Plaintiff's allegation that the assaultive co-worker had a criminal record is insufficient to impose liability upon Defendant for either negligence or negligent hiring.

Even if Plaintiff had sufficiently plead the requisite allegations, Plaintiff would still fail to state a claim upon which relief could be granted because Plaintiff's claims are barred by the exclusivity provision of the Tennessee Workers Compensation Act (the "Act"). Tenn. Code Ann. § 50-6-108(a). The Act covers injuries arising primarily out of and in the course and scope of employment that cause the need for medical treatment. *See* Tenn. Code Ann. § 50-6-102; Tenn. Code Ann. § 50-6-116. An injury occurs "in the course of" employment if it happens while an individual is at work, and it "arises out of" the employment "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury." *Anderson v. Save-A-Lot, Ltc.* 989 S.W.2d 277, 280 (Tenn. 1999). The Act specifically provides that "the rights and

4

remedies granted to an employee subject to [the Act's provisions], on account of personal injury . . . shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of the injury." Tenn. Code Ann. § 50-6-108(a).[3] Because Plaintiff's injury occurred in the course of his employment, and arises out of that employment, his claims are barred by the exclusivity provision of the Tennessee Workers Compensation Act and Defendant's Motion should be granted.

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 22) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

---

[3] The exceptions to the exclusivity provision are inapplicable here as Plaintiff does not allege that Defendant intentionally injured him, nor does Plaintiff allege that the assault was domestic or otherwise private in nature. Accordingly, the undersigned will not further discuss the exclusivity exceptions.